# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **STEVEN JACOB STRINGFELLOW,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **A-22-CV-341-RP-SH** |
| | § | |
| **THE FEDERAL RESERVE BOARD** | § | |
| **and THE UNITED STATES OF** | § | |
| **AMERICA,** | § | |
| *Defendants* | § | |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:  THE HONORABLE ROBERT PITMAN**
     **UNITED STATES DISTRICT JUDGE**

Before the Court are Plaintiff Steven Jacob's Stringfellow's Complaint (Dkt. 1) and Motion to Proceed In Forma Pauperis (Dkt. 2), both filed April 4, 2022. The District Court referred this case to the undersigned Magistrate Judge for disposition of the Application and Report and Recommendation as to whether the case should be dismissed as frivolous under 28 U.S.C. 1915(e), pursuant to Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas and the Court Docket Management Standing Order. Dkt. 3.

### I.   *In Forma Pauperis* Status

After reviewing Plaintiff's Application, the Court finds that he is indigent. Accordingly, the Court **HEREBY GRANTS** Plaintiff *in forma pauperis* status and **ORDERS** his Complaint to be filed without pre-payment of fees or costs or giving security therefor, pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised that although he has been granted leave

to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the Court has conducted a § 1915(e) review of the claims in the Complaint and recommends that Plaintiff's claims should be dismissed under 28 U.S.C. § 1915(e). Therefore, service on the Defendant should be withheld pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, service should be issued on the Defendant at that time.

## II.   Section 1915(e)(2) Frivolousness Review

### A.  Standard of Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under § 1915(e)(2). A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Under this statute, a claim is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 882, 889 (5th Cir. 1998)). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing "fanciful," "fantastic," and "delusional" allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 327-28). "Some claims are so insubstantial, implausible, or otherwise completely devoid of merit as not to involve a federal

controversy. Federal courts lack power to entertain these wholly insubstantial and frivolous claims." *Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1006 (5th Cir. 2019) (cleaned up).

### B. Plaintiff's Complaint Should Be Dismissed under § 1915(e)(2)

Plaintiff brings this lawsuit pursuant to 42 U.S.C. § 1983 against the Federal Reserve Board and the United States of America, alleging that: "The Federal Reserve System has become to stand as an unnecessary entropy upon the Treasury manifesting as deprivations of life, liberty and property." Dkt. 1 at 1 [sic]. Plaintiff alleges that the Federal Reserve Act of 1913 is unconstitutional and seeks "a return to a treasury which does not charge the people interest for the money we print for ourselves." *Id.* at 9.

Courts have repeatedly rejected and dismissed as frivolous similar claims alleging that the Federal Reserve System is unconstitutional. *See, e.g., Ginter v. Southern*, 611 F.2d 1226, 1229 (8th Cir. 1979) (finding tax protestor's claims concerning constitutionality of Federal Reserve System "so frivolous that we do not discuss them in any detail"); *Greene v. Pryce*, No. 15-CV-3527 MKB, 2015 WL 4987893, at *1 (E.D.N.Y. Aug. 18, 2015) (dismissing claim that Federal Reserve Act is unconstitutional under § 1915); *Ayler v. BAC Home Loans Servicing LP*, No. 12-12442, 2012 WL 2885999, at *1 (E.D. Mich. July 13, 2012) (dismissing as frivolous plaintiff's claim that Federal Reserve System is unconstitutional); *Vella v. McCammon*, No. CIV H-85-5580, 1986 WL 15772, at *3 (S.D. Tex. July 29, 1986) (same).

Even if Plaintiff alleged a cognizable constitutional claim, his claims are barred by sovereign immunity because the Federal Reserve Board is an agency of the United States. *Haase v. Bank of Am. Corp.*, No. 4:16-CV-1567, 2017 WL 1240105, at *5 (S.D. Tex. Feb. 8, 2017). Absent a waiver,

sovereign immunity shields the Federal Government and its agencies from suit. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).

Because sovereign immunity is jurisdictional in nature, absent a waiver of sovereign immunity, this Court lacks jurisdiction over Plaintiff's claims against Defendants. *See id.*; *Haase*, 2017 WL 1240105, at *5. Accordingly, Plaintiff's lawsuit should be dismissed as frivolous under § 1915(e)(2).

## III.    ORDER AND RECOMMENDATION

Based on the foregoing, the undersigned Magistrate Judge **GRANTS** Plaintiff's Motion to Proceed *In Forma Pauperis* (Dkt. 2) and **RECOMMENDS** that the District Court **DISMISS** Plaintiff's lawsuit as frivolous under 28 U.S.C. § 1915(e)(2).

It is **FURTHER ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

## IV.    WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C.

§ 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on May 8, 2022.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE